UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

THE VILLAGE APOTHECARY, INC.,

Debtor.
_____/

Case No. 15-56003

Chapter 7

Judge Thomas J. Tucker

**OPINION AND ORDER REGARDING FEE APPLICATIONS**

This case is before the Court on the following three fee applications:

1. A fee application by the special counsel for the Chapter 7 Trustee, filed on March 2, 2018, entitled "First and Final Application For Compensation For Special Counsel to the Trustee" (Docket # 42), seeking fees in the amount of $36,889.25 and expenses in the amount of $174.74. (In the proposed order submitted to the Court on April 23, 2018, the applicant now seeks fees in the slightly reduced amount of $33,984.25 and expenses in the slightly reduced amount of $160.98.)

2. A fee application by the attorney for the Chapter 7 Trustee, filed on March 6, 2018, entitled "Trustee's Attorney's Application to Approve First and Final Fees and Costs" (Docket # 43), seeking fees in the amount of $2,100.00 and expenses in the amount of $0.00. (In the proposed order submitted to the Court on April 23, 2018, the applicant now seeks fees in the slightly reduced amount of $1,934.63.)

3. The fee application of the Chapter 7 Trustee, filed on March 6, 2018 in the document entitled "Trustee's Application for Final Compensation and Reimbursement of Expenses" (Docket # 44), seeking fees in the amount of $4,821.09 and expenses in the amount of $49.96. (In the proposed order submitted to the Court on April 23, 2018, the applicant now seeks fees in the slightly reduced amount of $4,441.43, and expenses in the slightly reduced amount of $46.03.)

No timely objections were filed to these fee applications. But the Court concluded that it was necessary to hold a hearing on the fee applications.

Collectively, the applicants seek fees totaling $40,360.31, plus reimbursement of expenses. By comparison, the applicants' efforts benefitted the estate, at most, in the amount of $40,710.87 (the total receipts listed in the Trustee's Final Report). The Court notes that the total

fees, if approved, when added to the reduced amounts of the requested expenses to be reimbursed, would amount to 100% of the amount collected for the bankruptcy estate with the assistance of applicants' services, leaving nothing to be distributed to any non-administrative creditors. (As the Trustee's Final Report (Docket # 45) shows, allowed claims in this case consist of non-administrative priority claims totaling $2,096.82 and general unsecured claims totaling $117,910.10.)

As the Court stated in its April 24, 2018 Order setting the hearing, "[t]he purpose of the hearing [was] to determine whether the requested fee amounts should be reduced, given the amount of the benefit to the estate in this case. *See, e.g.*, 11 U.S.C. §§ 330(a)(2), (a)(3)(A), (a)(3)(E), (a)(3)(F), (a)(4)(A)(ii); *In re Allied Computer Repair, Inc.*, 202 B.R. 877, 887-89 (Bankr. W.D. Ky. 1996)."[1]

The Court held the hearing on May 23, 2018. The Trustee's special counsel, attorney Thomas Morris, appeared at the hearing, and argued in support of the fee applications on behalf of all the fee applicants. No one else appeared at the hearing.

The Court has carefully considered all of the fee applications and their exhibits; the brief filed by the Trustee's special counsel on May 1, 2018 in support of its application;[2] and the arguments made during the hearing. The Court also has reviewed and considered the supplemental exhibit filed by special counsel after the hearing, on May 23, 2018.[3] The Court now makes the following ruling on the fee applications.

---

[1] Order Setting Hearing on Fee Applications (Docket # 48) at 2.

[2] Docket # 49.

[3] Docket # 51.

The Court finds and concludes that the fees requested are, in the aggregate, much too high to be reasonable under the circumstances of this case, and therefore fees will be allowed only in a reduced amount. The fees are disproportionately high compared to the financial benefit obtained by the bankruptcy estate from the applicants' services, and in fact would leave nothing at all for the creditors in this Chapter 7 bankruptcy case.

The Court reiterates what it held in a recent prior case, which happened to involve the same fee applicants as in this case:

> The factors the Court must consider in determining what is a reasonable fee under Section 330 of the Bankruptcy Code [11 U.S.C. § 330] are laid out explicitly in Section 330, especially Section 330(a)(1) through (4), plus Section 330(a)(7) says that the trustee's fee is to be treated as a commission in terms of determining reasonableness, a commission based on the percentages and the formula in Section 326, and it is also true that among those factors -- those many factors in Section . . . 330(a) that the Court must consider are, first, whether the services of these professionals for which they seek to be paid on an hourly rate basis . . . were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of a case under this title. That's Section 330(a)(3)(C). Section 330(a)(3)(D) includes the factor of whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. Section 330(a)(4)(A)(I) says the Court shall not allow compensation for unnecessary duplication of services. Sub (ii) under that subsection says the Court shall not allow compensation for . . . "services that were not reasonably likely to benefit the debtor's estate or necessary to the administration of the case[.]" . . . **[A]lso among the factors explicitly set out in Section 330(a) to determine reasonableness, they include the factor in Section 330(a)(3)(F), . . . "whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title[.]" . . . The factors listed in Section 330(a), as the case law makes clear, are not necessarily exclusive factors even though there are many factors in there.** Rather, these are . . . stated as

3

factors the Court must or shall consider in determining the amount of reasonable compensation. That's according to Section 330(a)(3). And, of course, Section 330(a)(1) makes clear in its language, among other language in Section 330, that **the Bankruptcy Court, in general, has some discretion in terms of what it awards to a professional person** when that section says that the Court **may** award to [a] trustee or professional reasonable compensation. . . . I don't mean to exclude the other factors and other provisions of Section 330(a), but . . . I did want to highlight these provisions. I have considered all of the provisions in Section 326 and 330 with respect to these fee applications and, of course, the arguments made . . . in the applications themselves, including particularly Mr. Morris's firm. Special counsel's written fee application is quite detailed in explaining what happened in this case and why his firm believes the fee requested is reasonable. Mr. Ellmann's firm's application also contains some information about that as well, and, of course, I've considered the arguments Mr. Morris has made in today's hearing.

With respect to the case that I cited in my order scheduling today's hearing, . . . *In re Allied Computer Repair, Inc.*, [202 B.R. 877], . . . a decision of the Bankruptcy Court for the Western District of Kentucky from 1996. In that opinion and especially at pages 884 to 889 of the opinion, the Bankruptcy Court, I think, does a good job of discussing considerations going to deciding . . . whether a given requested fee is reasonable or how much fee is a reasonable fee to award in a bankruptcy case to a professional. . . . [A]mong the things that that Court held, which I agree with, are . . . that, as the Court pointed out, 202 [B.R.] at 886, **"The majority of courts agree that the results obtained is a major factor in determining whether the services at issue bestowed a benefit upon the estate,"** . . . and I'm omitting citations. There are many citations there for that proposition. And, further, the Court stated at page 887 that . . . "The overwhelming majority of courts have recognized that a reasonable attorney fee for purposes of Section 330 is one that is commensurate with the potential or actual value obtained. . . ." And then further the Court says on that page, . . . **"The Bankruptcy Court has the authority to reduce the requested attorney fees when disproportionate to the benefit produced thereby,"** . . . and, again, I'm omitting citations that the Court has on that page for these propositions.

4

This notion of the results obtained being a major factor in considering what is a reasonable fee, in my view, is correct and is appropriate and does have roots in Section 330(a), although Section 330(a) in listing what factors a Court must consider in determining reasonableness is not an exclusive list necessarily of all of the factors the Court must consider. **Among other places where this concept of results obtained being a major factor in determining reasonableness is in Section 330(a)(3)(F)**, which I read from earlier, this notion . . . **whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title, that provision I think as well as Section 330(a)(3)(C) and 330(a)(4)(A)** that I read from earlier all, I think, **include the concept of billing judgment** . . . -- which is sort of a general concept, but one of the things . . . that includes, of course, is that, in general, **lawyers in bankruptcy cases but also in nonbankruptcy cases when they have a paying client exercise billing judgment because clients generally expect . . . when there's some . . . monetary result obtained for the client in the case, the client . . . does not expect to pay all of that result obtained or money obtained to their attorneys or professionals in professional fees for obtaining that result and to no gain to the client. It's, of course, common in the exercise of billing judgment and in the nonbankruptcy litigation world for paying clients and their lawyers to negotiate reductions in the fees of the professional** even though the professional did spend the time and had a reasonable hourly rate and did spend a reasonable amount of time that would yield on an hourly rate basis a higher fee than what they're actually paid. In any event, results obtained is a major factor, and I've always viewed it that way. **Consideration of that as a major factor sometimes does result, in my view, in professionals in a Chapter 7 case**, in particular, and trustees as well sometimes . . . **receiving allowance of fees in amounts that are lower** than what would be reflected by their normal hourly rate times the amount of time they reasonably spent . . . on the tasks that they performed in doing their work **because the . . . actual results obtained as a result of the work were such that the fee requested is disproportionately high compared to the results obtained.**

In that regard, . . . hopefully it's been fairly clear from my practice in dealing with these fee applications over the years that it is very rare that in my review of Chapter 7 fee applications for me

5

> . . . to ever award professional fees in such amounts where the total
> of the fees exceeds 50 percent of the total assets recovered in the
> case, and often it's less than that[.]
> . . .
>
> As I said earlier, almost never do I go higher than 50 percent in
> terms of the total fees of professionals in a Chapter 7 case that I
> allow compared to . . . the results obtained, the assets in the estate.
> On occasion I have gone higher than that, particularly in cases
> where the total amount of the assets in the estate are quite small,
> . . . in the . . . [$1,000, $2,000, $3,000,] $4,000 range, but . . . I do
> struggle with this, and I'm never happy when lawyers don't get
> paid in full for their work they reasonably do, but it does happen,
> and sometimes it has to happen in a Chapter 7 bankruptcy case, in
> my view, . . . in the Court properly exercising its discretion with
> respect to determining what is a reasonable fee for a professional.

*In re Rees Tax and Accounting, LLC*, Case No. 15-56663 (Tr. of bench opinion given on July 12, 2017 (Docket # 46) at 4-9, 10) (emphasis added).)

The Court still agrees with, and now reiterates, all of the foregoing. And none of the cases cited by special counsel in his brief or in oral argument holds contrary to any of the foregoing.

Having considered the foregoing, and *all* of the factors listed in 11 U.S.C. §§ 330(a) and 326, and all of the arguments of the fee applicants, the Court finds and concludes (1) that the expenses for which the fee applicants seek reimbursement are reasonable and will be allowed in full; but (2) that in order to be reasonable, the total fees in this case may not exceed 50% of the total assets of the bankruptcy estate.[4] In this case, special counsel's fee request alone equals

---

[4] *Cf. In re Allied Computer Repair, Inc.*, 202 B.R. at 888 (citations omitted):

> [A] reasonable award of attorney fees and expenses attributable to an
> attorney's representation in a particular adversary proceeding should be
> limited to certainly no more than 50% of the amount recovered through
> the adversary proceeding by the Applicant. In fact, efforts should be

6

15-56003-tjt    Doc 53    Filed 06/04/18    Entered 06/04/18 16:55:34    Page 6 of 8

90.6% of the assets in the estate, and the total fees requested in the three fee applications equal 99.1% of the assets in the estate. If approved in the requested amounts, the fees plus expenses will leave nothing at all for the creditors in this case.

The fees requested by the applicants in this case therefore must be reduced accordingly. This is necessary so that the creditors in this case may receive a fair and meaningful distribution on their allowed claims.

The Court will allow the fee applicants an opportunity to agree among themselves, if they wish, as to the allocation of fees to be allowed, and to express any such agreement by filing a stipulation and submitting proposed orders.

For the reasons stated in this opinion,

IT IS ORDERED that:

1. The Court will allow the expenses requested in the fee applications in the full amounts requested, but the Court will allow fees only in amounts that, in the aggregate, do not exceed $20,355.44 ($40,710.87 x .50). The allowance of fees and expenses will be made by separate orders, to be entered at a future date, after the filing of a stipulation, or the passage of the time period, described in Paragraph 2 below.

2. The fee applicants may, if they wish, file a stipulation agreeing to a specific allocation among themselves of the fees to be allowed in this case.[5] Any such stipulation must be filed no

---

made by the attorney to hold fees substantially below that percentage of recovery. Reducing fees to no more than 50% of the amount recovered is in line, and perhaps even more generous, than the reduction in fees imposed by numerous courts that have dealt with this issue.

[5] In any such stipulation, of course, the fee applicants may, if they wish, reserve their right to appeal the Court's reduction of their fees from the full amounts requested in the fee applications.

later than June 11, 2018. And upon filing any such stipulation, the fee applicants must submit proposed orders that are consistent with the stipulation.

      3. If the fee applicants do not timely file a stipulation of the type described in Paragraph 2 above, the Court may schedule a further hearing concerning the appropriate allocation of fees to be made in this case.

**Signed on June 4, 2018**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**